STEVEN S. ALM
United States Attorney
District of Hawaii

ELLIOT ENOKI
First Assistant U.S. Attorney

OMER G. POIRIER
Assistant U.S. Attorney
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii 96850
Telephone: (808) 541-2850

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 00-00199 HG |
| Plaintiff, | ) | SUPERSEDING INDICTMENT |
| vs. | ) | [18 U.S.C. § 371; 26 U.S.C. § 7206(2)] |
| WENJUN XU, | ) | |
| Defendant. | ) | |

SUPERSEDING INDICTMENT

The Grand Jury charges:

Immigration Law Requirements

1. United States Law sets forth various categories of visas that persons, who are not citizens or nationals, can use to enter or remain in the United States. Among these H-1B visas.

2. H-1B visas are intended to allow companies to hire foreign workers. In order to obtain an H-1B visa, the company must file a petition with the INS describing the company, its operations, and the position to be filled by the alien. It must

be accompanied by a statement regarding labor conditions which must be certified by the United States Department of Labor.

### The Scheme

3. From an unknown date, but at least as early as 1997, to the present, in the District of Hawaii and elsewhere, Defendant WENJUN XU, knowingly and unlawfully conspired, combined, confederated, and agreed with others both known and unknown to the grand jury to commit the following offenses against the United States:

    a. knowingly presenting applications, affidavits, and other documents required by the immigration laws or regulations prescribed thereunder containing statements that the defendant knew to be false in violation of Title 18, United States Code, Section 1546(a).

    b. encouraging and inducing aliens, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that the coming to, entry, and residence in the United States was in violation of law, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv).

### Manner and Means

4. It was part of the manner and means of the conspiracy that the corporations and other entities established by WENJUN XU would file false and fraudulent petitions with the INS claiming that the alien who was the beneficiary of the petition was needed as an employee of that entity. This was done so that the alien could obtain a visa to enter the United States.

## Overt Acts

5. In furtherance of the conspiracy and in order to effect the objectives thereof, the conspirator performed the following overt acts, among others, in the District of Hawaii and elsewhere:

   a. On March 29, 1997, WENJUN XU caused Rainbow Enterprises to file an I-129 Petition for Non-Immigrant Worker on behalf of a PROC national named "Xie P." This petition falsely stated that "Xie P." would be employed by Rainbow Enterprises as a "market analyst."

   b. On March 31, 1997, WENJUN XU caused Computer Care Center to file an I-129 Petition for Non-Immigrant Worker on behalf of a Hong Kong national named "Andy N." This petition falsely stated that "Andy N." would be employed by Computer Care Center as a "systems analyst."

   c. On January 27, 1997, WENJUN XU caused Pacific Enterprises, Inc. to file an I-129 Petition for Non-Immigrant Worker on behalf of a Philippines national named "Sonia C." This petition falsely stated that "Sonia C." would be employed by Pacific Enterprises, Inc. as a "market analyst."

   d. On January 26, 2000, WENJUN XU caused International Business Enterprises, Inc. to file an I-129 Petition for Non-Immigrant Worker on behalf of a PROC national named "Jing X." This petition falsely stated that "Jing X." would be employed by International Business Enterprises, Inc. as an "accountant."

    e. On January 18, 2000, WENJUN XU caused International Business Enterprises, Inc. to file an I-129 Petition for Non-Immigrant Worker on behalf of a PROC national named "Hailin Y." This petition falsely stated that "Hailin Y." would be employed by International Business Enterprises, Inc. as a "computer systems engineer."

  All in violation of Title 18, United States Code, Section 371.

## Counts 2-16

  The Grand Jury further charges:

  In or about the dates set forth below, in the District of Hawaii, the Defendant, WENJUN XU, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service, of U.S. Individual Income Tax Returns, Forms 1040, for the taxpayers and calendar years listed below, which were false and fraudulent as to one or more material matters, in that each of said tax returns, among other things, included one or more of the following: fictitious and/or non-existent stock losses, inflated or non-existent itemized deductions and inflated or non-existent Schedule C business expenses in order to obtain tax refunds, with the false and fraudulent matters pertaining to each tax return and count set forth in tabular form below:

| Count | Date of Offense | Taxpayer(s) and Calendar Year | False and Fraudulent Matters |
|---|---|---|---|
| 2 | 1/1998 to 4/1998 | Marco and Maria B. | Loss on non-existent sale of International Telephone & Communications stock |
| 3 | 1/1998 to 4/1998 | Eugene B. | Loss on non-existent sale of International Telephone & Communications stock |
| 4 | 1/1998 to 4/1998 | Elmo B. | Loss on non-existent sale of International Telephone & Communications stock |
| 5 | 1/1998 to 4/1998 | Josie and Benjamin B. | Loss on non-existent sale of International Telephone & Communications stock |
| 6 | 1/1998 to 4/1998 | Patricinio and Marilou B. | Loss on non-existent sale of International Telephone & Communications stock |
| 7 | 1/1998 to 4/1998 | Jose and Ofelia F. | Loss on non-existent sale of International Telephone & Communications stock |
| 8 | 1/1998 to 4/1998 | Rex and Pelita M. | Loss on non-existent sale of International Telephone & Communications stock |
| 9 | 1/1998 to 4/1998 | Susan R. | Loss on non-existent sale of International Telephone & Communications stock |
| 10 | 1/1998 to 4/1998 | David and Natividad U. | Loss on non-existent sale of International Telephone & Communications stock |

| 11 | 1/1999 to 4/1999 | Marco and Maria B. | Fictitious expense on Schedule C for "legal fees;" fictitious expenses on Schedule A for "investment counsel and advisory fees" and "protective clothing" |
| 12 | 1/1999 to 4/1999 | Eugenio and Marissa B. | Fictitious Schedule C expenses relating to non-existent jewelry business |
| 13 | 1/1999 to 4/1999 | Elmo and Jocelyn B. | Fictitious Schedule C expenses for "rent," "insurance," "advertising," and "travel" |
| 14 | 1/1999 to 4/1999 | Susan R. | Fictitious Schedule C expenses relating to non-existent pig farm business |
| 15 | 1/2000 to 4/2000 | Eugene and Marissa B. | Fictitious Schedule C expenses relating to non-existent jewelry business; fictitious Schedule A expenses for "investment counseling and advice" and "purchase of uniforms" |
| 16 | 1/2000 to 4/2000 | Patricinio and Marilou B. | Fictitious Schedule A expenses for "Investment counsel and advisory fees," "uniforms and protective clothing," "business gifts," and "travel" |

//

//

//

//

//

6

All in violation of Title 26, United States Code, Section 7206(2).

DATED: June 28, 2000, at Honolulu, Hawaii.

A TRUE BILL

/s/

_____
FOREPERSON, GRAND JURY

_____
STEVEN S. ALM
United States Attorney
District of Hawaii

_____
ELLIOT ENOKI
First Assistant U.S. Attorney

_____
OMER G. POIRIER
Assistant U.S. Attorney

UNITED STATES v. WENJUN XU
Cr. No. 00-00199 HG
"Superseding Indictment"

7